### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

JASON ONTERIA MASON                                              **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:12-CV-P642-H**

**MARK BOLTON**                                                   **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Jason Onteria Mason filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the

complaint will be dismissed.

### I.  SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of

Corrections (LMDC).  He brings suit against Mark Bolton, Director of the LMDC.

In the complaint, Plaintiff raises several claims.  First, Plaintiff alleges that on August 28,

2012, Mark Bolton violated his unspecified constitutional rights by forcing him to take a T.B.

[presumably, tuberculosis] test.  He states, "LMDC Let me sign a consent form, on which I

reserved all my rights and stated I'm only taken the T.B test under Duress and Coercion."  He

claims that if he did not take the T.B. test, "LMDC would've place me under penalty of

harassment treatment."

Second, Plaintiff alleges that on or about September 26, 2012, Mark Bolton violated his

rights.  He reports that "My family mailed me legal mail printed from the internet/computer that

relates to my complaint []pro se pursuant to United States District Court Western District of

Kentucky."  He states that the mail was marked "legal mail" but that the LMDC mailed the

information back to his family stating that he could not receive printed legal mail from the computer and that an attorney would have to send him his legal mail.  He states that he filed a grievance but was told the issue was not grievable.  He alleges a violation of his rights to due process and to access to the courts.

Third, Plaintiff reports that on September 26 and 27, 2012, his due process rights were violated when the floor counselor denied him access to the law kiosk to research information needed to properly pursue civil due process and to obtain "filing-procedure-process of federal court and Federal Laws."

Finally, Plaintiff alleges that on September 27, 2012, he filed an action request for copies of his civil federal lawsuit but was not allowed copies.  He alleges violation of his rights to due process and to access to the courts.

As relief, Plaintiff seeks monetary and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as

2

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

3

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  TB Test

Plaintiff has shown no injury or denial of a basic human need in receiving a TB test.  To the contrary, given the contagious nature and danger of TB, the jail was being responsive to Plaintiff's health and safety.  *See, e.g.*, *Hasenmeier-McCarthy v. Rose*, 986 F. Supp. 464, 467 (S.D. Ohio 1998) ("It is beyond dispute that tuberculosis represents a public health threat to both inmates and prison personnel.").[1]  Plaintiff, therefore, has failed to state a claim of constitutional proportions.  *See, e.g.*, *Mack v. Campbell*, No. 91-5181, 1991 WL 243569, at *1 (6th Cir. Nov. 21, 1991) (finding that "the tuberculosis screening program is reasonably related to the legitimate penological interest of preventing the spread of disease" and that inmate's refusal to take TB test justified administrative segregation and disciplinary conviction).

#### B.  Mail

Plaintiff's complaint about the purported mishandling of his "legal mail" fails to rise to the level of a constitutional violation as he alleges no actual injury to litigation, and it occurred on only one occasion.  *See, e.g.*, *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional

---

[1]"[T]estimony submitted to Congress indicates that infectious diseases develop commonly in prisons and spread quickly because of high population density." *Hasenmeier-McCarthy v. Rose*, 986 F. Supp. at 467 (citing *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997)).  "The President of the National Commission on Correctional Health Care testified that tuberculosis is 500 percent more common in prisons than in the general population." *Id.* "Further, tuberculosis, in addition to being highly infectious, can require years of treatment and in its most severe form can lead to death." *Id.*

4

violation."); *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) ("Not all mail that a prisoner

receives from a legal source will implicate constitutionally protected legal mail rights.");

*Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011)

("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation.");

*Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or

non- delivery of mail do not rise to a constitutional level."); *Cancel v. Goord*, No. 00 CIV 2042

LMM, 2001 WL 303713, at *6 (S.D.N.Y. Mar. 29, 2001) ("Although legal mail is 'privileged'

and is afforded a higher degree of protection, there still must be a showing that prison officials

regularly and unjustifiably interfered with the incoming legal mail rather than merely showing an

isolated incident.") (citing *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986)).

To the extent Plaintiff complains that the issue was not grievable in violation of due

process, "there is no inherent constitutional right to an effective prison grievance procedure."

*Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).  Thus, he fails to state a due process

claim.

### *C. Kiosk and Copies*

While Plaintiff has a constitutional right to "meaningful access to the courts," *Bounds v.*

*Smith*, 430 U.S. 817, 824 (1977), he must show "actual injury."  *Lewis v. Casey*, 518 U.S. 343,

349 (1996).  No actual injury occurs without a showing that a claim "has been lost or rejected, or

that the presentation of such a claim is currently being prevented."  *Id.* at 356.  Moreover, the

underlying action must have asserted a non-frivolous claim.  *Id.* at 352-53.  Plaintiff has not

alleged that a non-frivolous claim has been lost or rejected or currently is being prevented due to

his inability to use to law kiosk or to have copies.  He, therefore, fails to state a claim of denied

access to courts.

5

Additionally, Plaintiff fails to set forth a due process claim upon which relief may be granted as he fails to allege that denial of copies or the use of the kiosk "impos[ed] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The due process claim will be dismissed.

The Court will enter a separate Order dismissing this action.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.005

6